JESSIE CHARLES v. THE STATE.

No. 12411. Delivered March 20, 1929.
Rehearing denied April 17, 1929.

The opinion states the case.

*R. E. Beggs* and *H. A. Maynard* of Liberty, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, death.

Two special charges were asked and refused. One is in language almost identical with a part of the main charge which tells the jury that if they believe from the evidence that some person other than the defendant shot and killed deceased, even though they believed defendant was present and that the gun used was the gun of defendant, they should acquit; and if on this proposition they had a reasonable doubt, it should be resolved in favor of the defendant and he should be acquitted. It is plain that the court having so charged the jury, was not in error in refusing to repeat the instruction, as would have been the case if the special charge referred to had been given. In our opinion the other special charge seeking to have the jury told that they should acquit if they believed from the evidence that Rufus Smith shot and killed deceased, would not be of any material legal difference from the charge given, as above stated. Certainly if the jury believed deceased was shot and killed by some person other than the defendant Charles, whether this be Smith or some other, and the jury were instructed to acquit if deceased was shot and killed by some other, this would include Smith and all other persons.

Referring to the testimony, we observe that two witnesses, Smith and Cole, both of whom were present at the time of the homicide, testified directly that they saw appellant shoot deceased. It is also in testimony that the officer who arrested appellant found in his possession a freshly discharged pistol, and he testified that appellant told him that he did the shooting. Appellant in his own behalf swore that he did not tell the officer that he shot deceased; further he said that Rufus Smith borrowed a pistol from him and with it shot deceased, and that later Smith returned the pistol to appellant and this was the pistol found in his possession by the officer. We are compelled to conclude that the testimony warranted the jury in believing that deceased was shot and killed by appellant. There was no effort made to raise any theory of self-defense or provocation. Whoever shot and killed deceased seems to have done so because deceased, a white boy, was in what was commonly called the negro part of the town.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In our original opinion we said the officer who arrested appellant testified that "appellant told him that he

did the shooting." In the motion for rehearing appellant calls our attention to the inaccuracy of this statement. The confusion in the mind of the writer of the opinion evidently arose from the fact that when the sheriff went to arrest appellant he took with him Scott Cole who had told the sheriff he knew appellant and knew who did the shooting. The sheriff did testify that when they got to appellant's house and flashed the light through the screen door and saw appellant's clothes that Cole told him (the sheriff) that appellant was the man who did the shooting. This testimony went into the record without objection. The sheriff also testified that appellant denied having a pistol but that under the mattress on appellant's bed one was found which showed to have been recently fired.

The gravity of the penalty has caused us to again scrutinize the facts. Most of the conflicts in the testimony which are referred to in the motion are raised by the evidence of appellant himself. The state's testimony is ample to support the verdict. Such conflicts as arose were settled by he jury, and the issues of fact having been determined in favor of the state, this court would not be authorized to interfere under the record before us.

The motion for rehearing is overruled.

*Overruled.*